NOS. 16CR1550                          JEFFERSON CIRCUIT COURT
      18CR0152

JUDGE AUDRA J. ECKERLE                 DIVISION SEVEN

COMMONWEALTH OF KENTUCKY            PLAINTIFF

vs.        **JUDGMENT OF CONVICTION AND SENTENCE**

MICHAEL D. TORRENCE                    DEFENDANT
SSN: XXX-XX-1211
DOB: 01/22/1989

*** *** ***

On May 22, 2018, this matter came before the Court for a hearing on the motion of Defendant, Michael D. Torrence (hereinafter "Defendant"), for relief pursuant to CR 60.02 and/or for new trial and judgment notwithstanding the verdict, and for final sentencing. Assistant Commonwealth's Attorney, Mr. Critt Cunningham, appeared for the prosecution, along with Det. Stephen Snider of the Louisville Metro Police Department. Messrs. Todd Lewis and Ryan Vantrese appeared with Defendant.

This matter was tried before a Jury from January 16, 2018, through January 22, 2018. The guilt phase of the trial concluded on January 19, 2018. After having heard all of the evidence and the Court's instructions, the Jury retired to deliberate and thereafter returned a verdict in open Court finding Defendant guilty of one count of Assault in the First Degree and one count of Possession of a Handgun by a Convicted Felon.

On January 22, 2018, the Jury returned to the Courtroom for the penalty phase of the trial, and after having heard the mitigating and other evidence and the Court's Instructions, the Jury set Defendant's penalty for one count of Assault in the First Degree at 15 years and for one count of Possession of a Handgun by a Convicted Felon at five

years. Both counts were to run consecutively for a total sentence of 20 years. The jury also deliberated and thereafter returned a verdict in open Court, finding Defendant guilty of one count of Persistent Felony Offender in the Second Degree.

Pursuant to the Persistent Felony Offender in the Second Degree status, the jury enhanced Defendant's penalty for one count of Assault in the First Degree to 25 years and for one count of Possession of a Handgun by a Convicted Felon to 15 years. It recommended that both sentences run concurrently for a total of 25 years.

Defendant's new, non-trial counsel argued the motion for relief. Defendant's mother, who was not present at trial, testified on avowal. The Commonwealth responded and presented transcripts of jail calls of Defendant and his mother and others contradicting the arguments he proffered in Court. The Court concluded the trial had been properly and fairly tried and denied Defendant's motion. In particular, the Court noted Defendant's arguments about one of the jurors was contrary to the clear facts in the record and the only testimony presented at trial.

The Court ordered a Presentence Investigative Report and granted Defendant the right to controvert the factual contents of the report. The Court asked Defendant and his counsel whether they had any legal reason why judgment should not be pronounced and gave Defendant and his counsel the opportunity to make statements on Defendant's behalf and to present any information in mitigation of punishment.

The Court gave due consideration to the nature and circumstances of the crimes, and the history, character, and condition of Defendant. The Court is of the opinion that

2

probation, probation with an alternative sentencing plan, or conditional discharge should be denied for the following reasons:

A. There is a substantial risk that during a period of probation, probation with an alternative sentencing plan, or conditional discharge, Defendant will commit other crimes;

B. Defendant is in need of correctional treatment that can be provided most effectively by his commitment to a correctional facility;

C. Probation, probation with an alternative sentencing plan, or conditional discharge would unduly depreciate the seriousness of Defendant's crimes; and

D. Defendant did not request probation, because he is ineligible for probation.

Wherefore, the Court having found Defendant guilty of the above offenses, IT IS HEREBY ORDERED that:

1. The Court denied Defendant's motion for relief pursuant to CR 60.02 and/or for new trial and judgment notwithstanding the verdict for the ample, supported reasons in the record.

2. The Court sentences Defendant to serve 25 years for one count of Assault in the First Degree and 15 years for one count of Possession of Handgun by a Convicted Felon. Both sentences are to run concurrently for a total of 25 years to serve.

3. Defendant shall receive credit for time served on these charges, as calculated by the Division of Probation and Parole.

4. The Jefferson County Sheriff shall remand Defendant to the Jefferson County Department of Corrections where he is to be delivered to the Kentucky

Department of Corrections so that he shall serve his sentence pursuant to this judgment at such location within this State as the Department shall designate.

5. Upon release, Defendant shall pay Court costs at the applicable rate and $1,000 felony fine pursuant to KRS 534.030 (1), as he is no longer represented by the public defender's office.

/s/
AUDRA J. ECKERLE, JUDGE
Jefferson Circuit Court

May 22, 2018

cc: Mr. Critt Cunningham
Assistant Commonwealth's Attorney

Mr. Todd Lewis
Mr. Ryan VanTrease
600 W. Main Street, Suite 500
Louisville, KY 40202
Counsel for Defendant

Department of Corrections

Division of Probation and Parole

4