COMMONWEALTH OF KENTUCKY

JUDGE AUDRA J. ECKERLE                    JEFFERSON CIRCUIT COURT

NO. 16-CR-1550/NO. 18-CR-000152           DIVISION SEVEN (7)

COMMONWEALTH OF KENTUCKY                                    PLAINTIFF

vs.                       **OPINION AND ORDER**

MICHAEL TORRENCE                                            DEFENDANT

\*\*\* \*\*\* \*\*\*

This matter stands submitted upon the motion to vacate conviction and request for an evidentiary hearing by Defendant, Michael Torrence (hereinafter, "Torrence"). After carefully considering and thoroughly reviewing the record, parties' arguments, and applicable law, the Court will deny the motion.

## OPINION

A jury of his peers convicted Torrence of first-degree assault, possession of a handgun by a convicted felon, and being a persistent felony offender in the second degree. It recommended that he be sentenced to 25 years, and the Court agreed. He filed this motion to have his sentence vacated under the rationale that he received ineffective assistance of both trial and appellate counsel.

The legal standard for proving ineffective assistance of counsel has two parts: a level of representation that falls below the prevailing norms of reasonableness, and a significant prejudicial effect of that representation on a movant's case. Strickland v. Washington, 466 U.S. 668 (1984). A defendant must satisfy both of these legal prongs in order to prevail on a motion to vacate a conviction due to ineffective assistance of counsel.

1

Torrence identified nine separate instances where he believes his counsel was deficient. First, Torrence argued that witness Val Morris was acquainted with one of the jurors on the case, and that defense counsel should have objected to this juror's addition during trial. The record shows that Val Morris did not have so strong an acquaintance with the juror that it could have improperly biased her towards any testimony the witness might give. The Court examined her and found that she could be fair and impartial. There was no error in defense counsel refusing to object to this particular juror.

Second, Torrence argued that his counsel at trial should have called a witness to corroborate another juror's alleged bias. However, he provided no evidence that would support a finding that the juror is biased. The court can hardly find an error on the part of defense counsel when there is not even a valid argument presented as to why a particular juror was biased. Further, this Court and the Supreme Court on direct appeal have found that the jury had no bias.

Third, Torrence argued that defense counsel failed to impeach the victim properly with false statements. Torrence offered no evidence that any of the statements uttered by the victim were incorrect. Given this lack of evidence, the Court can find no error on the part of defense counsel.

Fourth, Torrence objected to the alleged failure of his counsel to call experts at trial. Torrence argued that his counsel should have called an expert to refute testimony from the detective that his phone was connected to the closest tower to the scene of the shooting. However, his counsel was able to effectively cross-examine the detective, who testified that the phone would have connected to the strongest signal from a tower, rather than the tower that was closest to its location. Additionally, even if Torrence's counsel

had called the expert, the testimony would have had minimal effect on the outcome of his trial.

Torrence also objected to the failure to call a ballistics expert to analyze the scene of the shooting. Given that the victim was still alive and had the bullet surgically removed by doctors, there could be no useful evidence to be gleaned from a ballistics analysis. There is no error on the part of defense counsel when any expert he would have called would have been unable to give any sort of useful testimony.

Fifth, Torrence contended that the prosecution gave false statements in its arguments to the jury. The Commonwealth has provided specific citations in the record to the statements at issue, and both have been mischaracterized by Defendant. The first was simply misstated, and the second was a permissible inference that could be drawn from the evidence already presented at trial. There is no merit in this objection.

Sixth, Torrence argued that his appellate counsel failed to argue that evidence was not timely provided to him by the Commonwealth. The Commonwealth countered with specific citations to the record that show the evidence was, in fact, provided to defense counsel at trial. This argument also lacks merit.

Seventh, Torrence objected to the failure to raise on appeal his lack of opportunity to impeach the victim regarding potential drug use on the day of the shooting. The Commonwealth cited recent Kentucky case law that states that a victim's drug use is irrelevant unless the crime has some sort of drug connections. Brown v. Commonwealth, 313 S.W.3d 577, 625 (Ky. 2010). Clearly, the case law was not on the side of Torrence and his appellate counsel committed no error by neglecting to bring this objection.

3

290

Eighth, Torrence argued that his appellate counsel failed to object to an officer's alleged hearsay testimony provided at trial. This evidence had already been admitted to the record through other testimony, thus allowing it in would be harmless error, and have no ultimate impact on the outcome of Torrence's trial. Therefore, choosing not to object to this particular evidence was not an error on the part of Torrence's appellate counsel.

Finally, Torrence argued that his appellate counsel erred in failing to object to the admission of his attempt to sell a gun online as both irrelevant and a prior bad act used to prejudice him. As the Commonwealth correctly notes, selling a gun is not necessarily illegal, so it cannot be a prior bad act used to prejudice Defendant. It was also relevant to Defendant's credibility and was circumstantial evidence of his guilt for a shooting crime. There was no error on the part of appellate counsel for failing to raise this objection.

Torrence also argued that all of these errors taken together constituted a cumulative error on the part of his counsel, and unfairly prejudiced his defense. Most of his objections have been without merit, thus the Court cannot find that there was an accumulation of errors so grave that it would constitute an unfair prejudice to this defense. The motion to vacate must be denied, and there is no reason to hold a hearing.

## ORDER

Wherefore, IT IS HEREBY ORDERED, that the motions to vacate the conviction and schedule an evidentiary hearing is denied. There being no just cause for delay, this Order is final and appealable.

_____
AUDRA J. ECKERLE, JUDGE
Jefferson Circuit Court

10.6.2021
Date

ENTERED IN COURT
DAVID L. NICHOLSON, CLERK
OCT 2021
BY_____ DEPUTY CLERK

cc: Mr. Critt Cunningham
Assistant Commonwealth's Attorney

Mr. Michael Torrence #247908
Eastern KY Correctional Complex
200 Road to Justice
West Liberty, KY 41472